IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK ARTHUR TABBERT,

                       Plaintiff,                        OPINION & ORDER

   v.

                                                    14-cv-662-jdp

MS. GIEBEL, MR. POLLARD,
MR. MUENCHOW and MR. STRAHOTA,[1]

                      Defendants.

---

      Plaintiff Derek Arthur Tabbert, a prisoner incarcerated at the Waupun Correctional Institution, has submitted a pleading styled as a complaint under 42 U.S.C. § 1983, alleging that defendant prison officials are failing to properly correct his criminal sentence. Plaintiff seeks leave to proceed with his case *in forma pauperis*, and he has already made an initial partial payment of the filing fee previously determined by the court.

      Because plaintiff seeks both damages that would normally be available in a § 1983 action and a change to his sentence that would only be available in a habeas corpus proceeding under 28 U.S.C. § 2254, I will give him a short to time respond to this order, explaining which type of lawsuit he would like to pursue.

ALLEGATIONS OF FACT

      Plaintiff is an inmate at the Waupun Correctional Institution. It is somewhat difficult to understand plaintiff's complaint, but he seems to be saying that there is a problem with his criminal sentence. He states that defendant records supervisor Giebel "will not correct the time

---

[1] In its previous order, the court included in the caption a defendant named "Ms. Liebel," but after examining plaintiff's filings further, it appears that the defendant is a "Ms. Giebel," so I have amended the caption to correct the spelling of this defendant's name.

'extension,'" and the other defendants will not do so either after reviewing plaintiff's complaints about the problem. Plaintiff seeks compensatory damages and a "revised, modified and/or rescinded sentence."

ANALYSIS

Based on these vague allegations, plaintiff seems to be saying that there was a correction to his criminal sentence but that defendants are not applying that correction. I understand the upshot of his allegations and request for a modified or rescinded sentence to be that he will face extra time in prison unless the correction is made. However, plaintiff's pleading is styled as a § 1983 complaint and he also requests money damages from defendants. This creates a problem, because plaintiff cannot get both types of relief in the same lawsuit.

Generally, challenges to a prisoner's custody are brought in the context of a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. However, monetary compensation cannot be awarded under § 2254. That type of relief is available in a § 1983 action, but only *after* the conviction has been invalidated through other means. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Even though plaintiff might be seeking habeas relief, I am not authorized to "convert" his complaint into such an application. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) ("[W]e must look at the court's decision to change the kind of case [that the plaintiff] was bringing from an action for declaratory judgment to a habeas corpus petition. We have held on several occasions that the district courts should not do this, even if the pro se litigant has mistaken the nature of her claim."). This is a decision plaintiff will have to make for himself, so I will give him a short time to respond to this order, indicating which type of case he wants to bring.

In making this decision, plaintiff should be aware of the following consequences of making his choice. If plaintiff wants to continue with his case as a § 1983 action, he will be required to pay off the remainder of the $350 filing fee through monthly payments collected under 28 U.S.C. § 1915(b)(2). Also, if the court dismisses the complaint for failure to state a claim upon which relief may be granted, the court must assess plaintiff a "strike" under 28 U.S.C. § 1915(g). If the court dismisses three civil cases for that reason, Hampton will not be entitled to proceed in future cases unless he prepays the full filing fee or shows that he is in imminent danger of serious physical injury.

If plaintiff chooses to treat his filing as a habeas petition, he will owe the court the remainder of the $5 filing fee for that action. If the petition is dismissed on the merits, plaintiff will not be permitted to file a second petition challenging the same conviction or sentence without first getting permission from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Finally, I note that plaintiff followed his complaint with a letter stating that his life "is clearly being jeopardized by Waupun Correctional officers, security staff and as well as Health Services." He states that his food is being poisoned and he is not receiving proper medical attention. The court cannot take action regarding these issues because plaintiff did not include any allegations about them in his complaint, nor do they appear to be related to his sentence problem. If plaintiff chooses to proceed with his current case as a civil action for damages, he may amend his complaint to include his new claims, but he ultimately will only be allowed to pursue all of these claims together if they are against the same defendants or are part of the same series of events. If plaintiff chooses to proceed with his current case as a habeas proceeding, none of the issues he raises in his letter belong in that lawsuit. Plaintiff would have to file a brand new lawsuit about the new issues.

ORDER

IT IS ORDERED that plaintiff Derek Arthur Tabbert may have until June 1, 2015, to inform the court whether he wishes to proceed with this case as a civil action for damages under 42 U.S.C. § 1983 or a petition for writ of habeas corpus under 28 U.S.C. § 2254. If plaintiff does not respond by this deadline, I will screen the complaint as a § 1983 action.

Entered May 11, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge