IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK ARTHUR TABBERT,

          Plaintiff,

v.

MS. GIEBEL, MR. POLLARD,
MR. MUENCHOW and MR. STRAHOTA,

          Defendants.

OPINION & ORDER

14-cv-662-jdp

---

    Plaintiff Derek Arthur Tabbert, a prisoner incarcerated at the Waupun Correctional Institution, has submitted a pleading styled as a complaint under 42 U.S.C. § 1983, alleging that defendant prison officials are failing to properly correct his criminal sentence. In a May 11, 2015 order, I noted that plaintiff sought both damages that would normally be available in a § 1983 action and a change to his sentence that would only be available in a habeas corpus proceeding under 28 U.S.C. § 2254. I gave him a short to time to explain which type of lawsuit he would like to pursue. Plaintiff did not respond to the May 11 order, so as I explained in that order, I will screen the case as a § 1983 action.

    In the May 11 order, I described plaintiff's allegations as follows:

> [Plaintiff] seems to be saying that there is a problem with his criminal sentence. He states that defendant records supervisor Giebel "will not correct the time 'extension,'" and the other defendants will not do so either after reviewing plaintiff's complaints about the problem. Plaintiff seeks compensatory damages and a "revised, modified and/or rescinded sentence."

Dkt. 9, at 1-2. Based on plaintiff's vague allegations, I understand him to be saying that there was a correction to his criminal sentence but that defendants are not applying that correction.

However, plaintiff cannot pursue a claim for money damages on this type of claim without first showing that a court or other tribunal has ruled the allegedly extra term of confinement to be incorrect. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (civil suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck*); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement."). If plaintiff has successfully challenged defendants' calculation of his sentence, he should submit an amended complaint explaining how and when this challenge occurred.

Alternately, the vague nature of plaintiff's allegations makes it possible that I misunderstand what type of claim he is trying to bring in this lawsuit. But if this is so, plaintiff falls far short of putting either the court or defendants on notice of the claims he is attempting to bring, as required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a) ("[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim"); *see also Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.").

Also, as I stated in the May 11 order, plaintiff followed his complaint with a letter stating that his life "is clearly being jeopardized by Waupun Correctional officers, security staff and as well as Health Services," by way of food poisoning and improper medical attention. Dkt. 8. But plaintiff does not include these allegations in his complaint, and he does not explain whether the defendants named in the complaint are responsible for the

2

danger he claims to face. If plaintiff believes that I have mischaracterized his claims, or he wishes to add claims against the named defendants for endangering his safety, he will have to submit an amended complaint explaining his claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide.

## ORDER

IT IS ORDERED that plaintiff Derek Arthur Tabbert may have until September 17, 2015, to submit an amended complaint addressing the problems with his original complaint discussed above. If plaintiff fails to respond to this order by the deadline set below, the case will be dismissed in its entirety.

Entered August 27, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge